UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-155 |
| CHRISTIAN CONRAD CLAUS | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff Christian Conrad Claus's opposed[1] motion for juror questionnaire.[2] For the following reasons, the Court denies the motion.

A district court is afforded "great latitude to conduct voir dire, including the form and scope of questioning." *United States v. Pratt*, 728 F.3d 463, 470 (5th Cir. 2013), *abrogated on other grounds by Molina-Martinez v. United States*, 578 U.S. 189 (2016); *see also Darden v. Snow*, 849 F. App'x 100, 101 (5th Cir. 2021) (Trial court has "broad discretion" in how it selects a jury.). Voir dire is the district court's responsibility, *Pratt*, 728 F.3d at 472, and a court's failure to ask a proposed question does not amount to an abuse of discretion "if the overall voir dire examination and the instructions given at trial adequately protect a party's interests," *United*

---

[1]  R. Doc. 23.
[2]  R. Doc. 22-1.

1

*States v. Harper*, 369 F. App'x 556, 565 (5th Cir. 2010) (cleaned up) (district court did not abuse its discretion by denying defendant the opportunity to submit his proposed questionnaire to jurors); *see also United States v. Flores*, 63 F.3d 1342, 1353 (5th Cir. 1995) (district court did not abuse its discretion by refusing to permit a long questionnaire to be sent to potential jurors).

Defendant's primary reason for requesting a jury questionnaire is that this matter has been the subject of significant media coverage.[3] Although that may be true, the Court is satisfied that the usual voir dire process will adequately address any preexisting knowledge or biases that prospective jurors may have concerning this case, from media attention or otherwise. The Court will cover the subject matter in defendant's proposed questionnaire during the Court's standard voir dire. Further, the Court will solicit and consider proposed voir dire from the parties before trial. During voir dire, prospective jurors exposed to media coverage will be questioned individually outside the hearing of other prospective jurors about the nature and effect of the exposure. The Court is satisfied that it can adequately address through usual voir dire defendant's reason for requesting the juror questionnaire. *See e.g., United States v. Bonner*, 2008 WL 149970, at *2

---

3   *See generally* R. Doc. 22-1.

(N.D. Tex. Jan. 14, 2008) (Fitzwater, C.J.) (denying the motion for a juror questionnaire because the court was satisfied that it could adequately address any reasons for requesting the questionnaire through the usual voir dire process); *United States v. Claville*, 2008 WL 782809, at *1 (W.D. La. Mar. 20, 2008) (Hicks, J.) (same); *United States v. Hamdan*, 2020 WL 4544729, at *3 (E.D. La. Aug. 6, 2020) (Vitter, J.) (same). Defendant has not justified the time, burden, and expense of administering a juror questionnaire.

For the foregoing reasons, the Court DENIES defendant's motion for juror questionnaire.

New Orleans, Louisiana, this __25th__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3