UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-155 |
| CHRISTIAN CONRAD CLAUS | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is the government's motion *in limine* to preclude defendant from presenting or utilizing certain types of evidence and argument.[1] Defendant filed a response.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

On June 28, 2024, the government filed an indictment charging Christian Conrad Claus with one count of conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349; one count of wire fraud in violation of Title 18, United States Code, Section 1343; one count of mail fraud in violation of Title 18, United States Code, Section 1341; one count of conspiracy to use a facility in interstate commerce in aid

---

[1] R. Doc. 24.
[2] R. Doc. 26.

1

of bribery in violation of Title 18, United States Code, Section 371; one count of use of a facility in interstate commerce in aid of bribery in violation of Title 18, United States Code, Section 1952(a)(3); and false statement in violation of Title 18, United States Code, Section 1001(a)(2).[3] Claus pled not guilty to the charges in the indictment,[4] and his trial is scheduled for November 3, 2025.[5]

The government now moves to prevent defendant from (1) presenting evidence, argument, references, or inferences, relating to a guilty verdict's potential consequences; (2) presenting evidence, argument, references, or inferences relating to prosecutorial motives and allegations of prosecutorial misconduct; (3) presenting evidence of the defendant's good acts and the absence of his bad acts; and (4) impeaching witnesses through documents that do not contain a verbatim recital of the witness' statements or are signed or otherwise adopted by the witnesses.[6] Defendant submitted a response in which he stated that he does not intend to present evidence or discuss evidence in categories one or two; he will "comply with the law on the admission of character evidence," but argues that "basic facts" are not

---

[3]    R. Doc. 1.
[4]    R. Doc. 10.
[5]    R. Doc. 41.
[6]    R. Doc. 24.

impermissible character evidence; and that he does not intend to use investigative reports for impeachment purposes, but maintains his right to use them for other permissible purposes.[7]

## II. DISCUSSION

### A. Evidence and Argument Related to a Guilty Verdict's Potential Consequences

"The well-established general principle is that a jury has no concern with the consequences of its verdict." *United States v. Shannon*, 981 F.2d 759, 761 (5th Cir. 1992). Issues related to potential sentences, *see id.* at 761-62, or other consequences of a guilty verdict are irrelevant to the jury's determination of guilt. *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430 at *16 ("Jury nullification is not a right belonging to the defendant," and "[a] trial judge may block defense attorneys' attempts to serenade a jury with the siren song of nullification." (first citing *United States v. Gonzalez*, 110 F.3d 936, 947-48 (2d Cir. 1997); and then citing *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)). Accordingly, the Court grants the government's motion to preclude defendant from introducing evidence

---

7       R. Doc. 26.

and argument related to potential consequences, sentencing or otherwise, of a guilty verdict.

## B. Evidence and Argument Related to Prosecutorial Motives and Allegations of Prosecutorial Misconduct

Arguments regarding selective prosecution must be raised with the Court before trial and should not be presented to the jury. Fed. R. Crim. Pro. 12(b)(3)(A). The Supreme Court has held that a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Evidence concerning the motivation of the prosecution is irrelevant to the issue of innocence or guilt and are thus not admissible at trial. *See United States v. Cleveland*, 1997 WL 253124, at *3 (E.D. La. May 14, 1997) (Vance J.) (excluding evidence introduced for the purpose of showing improper prosecutorial motives); *see also United States v. Mosky*, 1990 WL 70823, at *1 (N.D. Ill. May 7, 1990) (Williams, J) (finding that arguments related to alleged governmental misconduct "do not bear on the [defendant's] guilt and for that reason will not be permitted" at trial). Defendant, of course, is not precluded "from making 'standard' defense

4

arguments that the government's evidence is insufficient, or unreliable, or lacking in credibility." *Mosky*, 1990 WL 70823, at *1.

Accordingly, the Court grants the government's motion to exclude evidence and argument suggesting prosecutorial motives or misconduct.

## C. Evidence and Argument Related to Defendant's "Good Acts" and the Absence of his "Bad Acts"

The government contends that defendant may attempt to show a lack of attorney disciplinary history, that he used his police position to grant favors without having been bribed, or that he has previously complied with official duties.[8] Defendant avers that he will comply with the rules on character evidence but argues that "basic facts" about his background do not constitute character evidence.[9]

Federal Rule of Evidence 404 states: "Evidence of a person's character is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The Rule provides an exception for criminal cases, under which "a defendant may offer evidence of the defendant's pertinent trait." Fed. R. Evid. 404(a)(2)(A). "In the criminal context, a pertinent trait is one that is relevant to the offense

---

[8]   R. Doc. 24-1 at 2-3.
[9]   R. Doc. 26 at 1-2.

charged." *United States v. John*, 309 F.3d 298, 303 (5th Cir. 2002) (citing *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981)).

Federal Rule of Evidence 405 establishes the methods by which a defendant may prove character. Fed. R. Evid. 404(b). Rule 405(a) provides that character evidence "may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Rule 405(b) covers specific act evidence and provides that such evidence is permitted only "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). In *United States v. Gulley*, the Fifth Circuit found that Rule 405(b) "limits the use of specific prior acts to cases where character is at issue in the *strict sense*." 526 F.3d 809, 818 (5th Cir. 2008) (emphasis added).

Importantly, defendant identifies no "character trait [that] is an *essential element* of a charge, claim or defense" as to which he seeks to admit specific act character evidence. Fed. R. Evid. 405(b) (emphasis added). As such, defendant may not present any evidence of good acts and the absence of his bad acts "to prove that on a particular occasion [defendant] acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). This does not foreclose defendant from introducing basic facts about his background, such as the facts of his education and employment history as already

6

mentioned in the Indictment. Accordingly, the Court grants the government's motion to exclude evidence and argument regarding defendant's "good acts" and "absence of bad acts." Defendant may not introduce evidence of a lack of attorney disciplinary history, previous instances of using his police position to grant favors without having been bribed, or specific instances in which he complied with official duties.

### D. Impeachment through Non-Verbatim and Unadopted Interview Reports

The government moves to preclude impeachment of witnesses through investigative reports that are not verbatim recitals or signed or otherwise adopted by the witness.[10] The government states that it is not moving to preclude defendant from inquiring if a witness made a statement that, based on such a document, defendant has reason to believe he or she made.[11] Defendant states that he does not intend to use investigative reports for impeachment or suggest that such reports are witness statements, but argues that he remains entitled to ask witnesses about meetings with law enforcement and use investigative reports for other purposes like refreshing a witness's recollection.[12]

---

[10]  R. Doc. 24-1 at 4-5.
[11]  *Id.* at 5.
[12]  R. Doc. 26 at 2.

A "witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993).  If defendant can establish that a government witness did adopt a statement or it was recorded verbatim, "the interview report may be used for impeachment during the cross-examination of the witness who made the statement." *United States v. Akula*, 2023 WL 4235568, at *2 (E.D. La. Jun. 28, 2023) (quoting *Crinel*, 2016 WL 6441249, at *4) (Africk, J.).  Otherwise, the report itself "may be offered only through the agent to prove that the statement was made to the agent, rather than to prove the truth of the matter asserted in the statement." *Id.*

Regarding defendant's statement that he is entitled to use investigative reports to refresh a witness's recollection:

> It is hornbook law that any writing may be used to refresh the recollection of a witness.  This is true even where the document itself would be inadmissible as evidence.  Caution must be exercised to [e]nsure that the document is actually being used for purposes of refreshing and not for purposes of putting words into the mouth of the witness.

*United States v. Horton*, 526 F.2d 884, 888-89 (5th Cir. 1976) (cleaned up).  Accordingly, the Court grants the government's motion to preclude impeachment of witnesses through documents that do not contain a verbatim recital of the witnesses' statements or are signed or otherwise

8

adopted by the witnesses. Defendant may still ask if a statement in a document was made, *see Akula*, 2023 WL 4235568, at *2, and may use the document to refresh a witness's recollection. *See Horton*, 526 F.2d at 888-89.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motion *in limine*.

New Orleans, Louisiana, this __25th__ day of September, 2025.

    _____
                 SARAH S. VANCE
          UNITED STATES DISTRICT JUDGE