UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-155 |
| CHRISTIAN CONRAD CLAUS | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is the government's motion *in limine* to admit summary evidence and expert evidence.[1] Defendant did not object to the proposed testimony of government expert Amanda Winstead. Defendant objects to the government's motion as it relates to the summary evidence charts, arguing that it is premature.[2]

### I. BACKGROUND

On June 28, 2024, the government filed an indictment charging Christian Conrad Claus with one count of conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349; one count of wire fraud in violation of Title 18, United States Code, Section 1343; one count of mail fraud in violation of Title 18, United States Code, Section

---

[1] R. Doc. 27.
[2] R. Doc. 53.

1

1341; one count of conspiracy to use a facility in interstate commerce in aid of bribery in violation of Title 18, United States Code, Section 371; one count of use of a facility in interstate commerce in aid of bribery in violation of Title 18, United States Code, Section 1952(a)(3); and false statement in violation of Title 18, United States Code, Section 1001(a)(2).[3]

The government's allegations include that, beginning around October 2019 and continuing through around June 2021, defendant conspired with Fouad K. Zeton and Michael Jon Schofield to "devise, intend to devise, and participate in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises."[4] The government alleges that defendant conspired with Zeton and Schofield to defraud an insurance company that covered Zeton's belongings by reporting that valuable artworks were stolen from Zeton's home.[5]

Trial is set for March 16, 2026.[6] The government now brings a motion *in limine* to admit expert and summary chart evidence.[7] Defendant, through former counsel, filed a response stating that he did not object to the motion

---

[3]    R. Doc. 1.
[4]    *Id.* at 6.
[5]    *Id.* at 1-21.
[6]    R. Doc. 46.
[7]    R. Doc. 27.

*in limine*, subject to the ability to perform cross-examination.[8]  Defendant, through current counsel, now objects to the government's motion as it pertains to the summary charts.[9]  The Court considers the motion below.

## II.  LAW AND ANALYSIS

Federal Rule of Evidence 104 obliges the Court to "decide any preliminary question about whether . . . evidence is admissible."  Fed. R. Evid. 104(a).  In making this preliminary determination, "the court is not bound by evidence rules, except those on privilege."  *Id*.

### A. Expert Testimony

The Court first addresses the proposed expert testimony.  Rule 702 provides that a witness "qualified as an expert by knowledge, skill, experience, training, or education" may provide opinion testimony so long as the proponent of the testimony

> demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

---

8    R. Doc. 33.
9    R. Doc. 53.

3

Fed. R. Evid. 702. The district court, in its role as a gatekeeper, is charged with ensuring that the relevance and reliability requirements of Rule 702 are satisfied. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999) (clarifying that the *Daubert* gatekeeping obligation applies to all forms of expert testimony).

The government states that it intends to qualify Ms. Winstead as an expert in fine and decorative art, including in the appraisal of fine and decorative art and in the fine and decorative art industries. The government has furnished Ms. Winstead's curriculum vitae ("CV"), which provides that she is a member of the Appraisers Association of America, has more than 25 years of employment as an art appraiser, and holds a Bachelor of Arts in Art History from Tulane University. The government additionally identified the three areas of opinion testimony that Ms. Winstead is expected to provide: first, appraisal practices and standards applicable to artwork and expected in the art industry; second, opinions regarding obvious deficiencies in the appraisal submitted in support of Zeton's insurance claim; and third, information contained in her expert report, which includes her descriptions of the paintings underlying Zeton's insurance claim and her opinion of their

4

replacement values. Defendant has not raised any Rule 702 objection relating to Ms. Winstead.

The Court, having reviewed Ms. Winstead's CV, her expert report, and the opinions that the government lays out, finds it more likely than not that the testimony of the government's expert art appraiser Amanda Winstead satisfies the requirements of Federal Rule of Evidence 702. Ms. Winstead's CV reflects that she possesses ample qualifications by virtue of her education, training and experience as an art appraiser. *See e.g., Fletcher v. Doig*, 196 F. Supp. 3d 817, 821 (N.D. Ill. 2016) (finding that "forty years of experience with the authentication and marketing of modern art easily meet [the] standard" for qualification as an expert witness); *Davis v. Carroll*, 937 F. Supp. 2d 390, 414 (S.D.N.Y. 2013) (finding a proposed witness qualified to offer expert testimony on art appraisal based on his "experience as a New York City gallery owner for 20 years, his work as an art appraiser for 40 years, his prior expert testimony as an art appraiser, advanced degrees. . . ,certifications in the Uniform Standards of Professional Appraisal Practices, and his membership in and status as former president of the Appraisers Association of America"). The opinions outlined and the expert report on appraisal standards and values are of the kind that someone with her listed experience would be qualified to provide. Further, art appraisals, the appraisal process,

5

and related issues are not commonly known, such that expert opinion testimony would help the jury understand the evidence and determine fact issues. Fed. R. Evid. 702(a). And there is no dispute that Ms. Winstead's proposed testimony "is based on sufficient facts or data," specifically, her physical inspection of the paintings at issue and determination of market comparables. Fed. R. Evid. 702(b). There is likewise no dispute that the proposed testimony is the product of "reliable principles and methods" that are reliably applied to the facts of the case, including the application of the Uniform Standards of Professional Appraisal Practices and the Principles of Practice and Code of Ethics of the American Society of Appraisers and the Appraisers Association of America; the professional examination of the paintings; and the use of the sales comparison approach to determine replacement values. Fed. R. Evid. 702(c)-(d). The Court thus finds that the government has shown it to be more likely than not that Ms. Winstead's proposed expert testimony satisfies the requirements of Rule 702.

### B. Summary Charts

As to the summary evidence charts, the Court finds it appropriate to issue a preliminary order on the admissibility of the proposed summary evidence charts. The government anticipates presenting summaries that extract information from records that would be impractical for the jury to

6

directly analyze. The government represents that all source records have been provided to the defense along with Bates numbers identifying all records used to create the summary charts.[10] The government argues that the voluminous nature of this evidence and the impracticality of the jury's reviewing such underlying data support the government's need for summary charts.

    Rule 1006(a) provides:

> Summaries of Voluminous Materials Admissible as Evidence. The court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence.

Fed. R. Evid. 1006(a). The purpose of the Rule "is to permit alternative proof of the content of writings, recordings, or photographs too voluminous to be conveniently examined in court." *Id.* cmt. 2024 Amendments. Rule 1006 "requires only that the underlying records be voluminous and that in-court examination be inconvenient." *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1991). And the records summarized need not have been introduced into the record for the summaries to be admitted into evidence.

    Here, the types of summary charts proposed, i.e., of defendant's phone contacts, location data, and timelines, encompass evidence that would

---

[10]    See R. Docs. 27, 55.

certainly be voluminous to the extent that it could not "be conveniently examined in court." Fed. R. Evid. 1006; *see also United States v. Solis*, 299 F.3d 420, 442 (affirming admission of "charts summarizing evidence of communications between . . . defendants"); *Rodgers v. Hopkins Enters. of Mississippi LLC*, 2018 WL 6335778, at *2 (E.D. La. Dec. 5, 2018) (finding that a timeline exhibit was admissible under Rule 1006).

Defendant argues that the government's motion *in limine* is premature. The Court rejects this argument. As the government points out, *in limine* rulings are preliminary, and the Court may, "in the exercise of sound judicial discretion," alter them. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984); *see also United States v. Weinstein*, 2025 WL 438344, at *13 (D.N.J. Feb. 9, 2025) (granting government's motion *in limine* to permit the testimony of a summary witness regarding the creation of summary charts not yet produced to the defendant). The government is not seeking a ruling that its proposed summary charts, not yet before the Court,[11] are all admissible. The government is simply seeking an order confirming that the types of charts it intends to offer conform with Rule 1006. Finding that telephone contact charts, location charts, and timeline charts all fall within

---

[11] The Court notes that it has in its possession the three "example charts."

8

the confines of Rule 1006, the Court finds it appropriate to rule on the government's motion. Should defendant have specific objections to the final summary charts once he has reviewed them, he may raise such objections to the Court.

***

Accordingly, the Court GRANTS the government's motion. This ruling does not preclude defendant from objecting later to the final charts.

New Orleans, Louisiana, this ___8th___ day of January, 2026.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE