UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-155 |
| CHRISTIAN CONRAD CLAUS | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is the government's motions *in limine* for a determination that records meet the requirements of Federal Rules of Evidence 803(6), 902(11), 902(13), and/or 902(14).[1] Defendant opposes the motions. For the following reasons, the Court grants the motions.

## I.   BACKGROUND

On June 28, 2024, the government filed an indictment charging Christian Conrad Claus with one count of conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349; one count of wire fraud in violation of Title 18, United States Code, Section 1343; one count of mail fraud in violation of Title 18, United States Code, Section 1341; one count of conspiracy to use a facility in interstate commerce in aid of bribery in violation of Title 18, United States Code, Section 371; one count

---

[1]   R. Docs. 31, 51.

of use of a facility in interstate commerce in aid of bribery in violation of Title 18, United States Code, Section 1952(a)(3); and false statement in violation of Title 18, United States Code, Section 1001(a)(2).[2] Claus pled not guilty to the charges in the indictment,[3] and his trial is scheduled for March 16, 2026.[4]

The government now moves for a determination that records meet the requirements of Federal Rules of Evidence 803(6), 902(11), 902(13), and 902(14). Such an order would allow the records to be admitted, subject to Federal Rules of Evidence 401 and 403, without the need to call record custodians. Defendant opposes on the grounds that the proposed application of Rules 803(6), 902(11), 902(13), and 902(14) violates the Confrontation Clause. Defendant additionally opposes the admission of Google location history records through certificate. The Court considers the motions.

## II.   DISCUSSION

The Court first addresses defendant's Confrontation Clause argument. The Court then turns to whether the records are admissible under the cited Federal Rules of Evidence.

---

[2]   R. Doc. 1.
[3]   R. Doc. 10.
[4]   R. Doc. 46.

**a.    Confrontation Clause**

The Confrontation Clause of the Sixth Amendment "prohibits admitting out-of-court statements as evidence against defendants in a criminal case unless they can cross-examine the declarant." *United States v. Age*, 136 F.4th 193, 226 (5th Cir. 2025) (quoting *United States v. Ayelotan*, 917 F.3d 394, 403 (5th Cir. 2019)).  This "prohibition applies only if the statements are testimonial." *Id.* (quoting *United States v. Ayelotan*, 917 F.3d 394, 403 (5th Cir. 2019).

At the outset, none of the records that the government seeks to admit here is testimonial.  All the proposed records were "created in the ordinary course of business, not 'for the purpose of establishing or proving some fact at trial.'" *Id.* (stating that phone records are not testimonial); *see also United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (holding that business records are not testimonial); *United States v. Herrera*, 466 F. App'x 409, 426 (5th Cir. 2012) (finding that bank records were non-testimonial business records).

Here, the defendant argues that the certificates themselves violate the Confrontation Clause.  As defendant acknowledges, such an argument is foreclosed by the Fifth Circuit's decision in *Age*.  136 F.4th 193.  There, the Fifth Circuit stated that "[a]s the Supreme Court has made clear, there is a

3

distinction between a document 'created for the sole purpose of providing evidence against a defendant' and a document created to 'authenticate or provide a copy of an otherwise admissible record.'" *Id.* at 227 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23 (2009)). The Fifth Circuit held that the latter, which is the type of document at issue here, was not testimonial and therefore not subject to the Confrontation Clause. *Id.*[5] Accordingly, in line with Fifth Circuit precedent, this Court holds that the Rule 902 certificates in this case do not violate the Confrontation Clause.

---

[5] As the government notes, the Fifth Circuit's holding in *Age* is not unique. *See United States v. Denton*, 944 F.3d 170, 184 (4th Cir. 2019) (stating that *Melendez-Diaz* "makes clear that the Sixth Amendment right to confront witnesses does not include the right to confront a records custodian who submits a Rule 902(11) certification of a record that was created in the course of a regularly conducted business activity") (quoting *United States v. Mallory*, 461 F. App'x 352, 357 (4th Cir. 2012)); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (noting that "it would be odd to hold that the foundational evidence authenticating [non-testimonial] evidence" is itself testimonial in holding that certificates presented under Rule 902(11) are nontestimonial); *United States v. Johnson*, 688 F.3d 494, 505 (8th Cir. 2012) (concluding that a certification of authenticity was not testimonial and therefore did not implicate the Confrontation Clause); *United States v. Albino-Loe*, 747 F.3d 1206, 1211 (9th Cir. 2014); *United States v. Yeley-Davis*, 632 F.3d 673, 678-80 (10th Cir. 2011) ("we agree with other circuits who have held that certificates of authenticity presented under Rule 902(11) are not testimonial"); *United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020) ("we join other circuits in concluding that business records certificates are not testimonial").

4

### b.     Authenticity Through Certifications

Federal Rule of Evidence 104 obliges the Court to "decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a).  Federal Rule of Evidence 803 outlines exceptions to the rule against hearsay, exceptions which apply regardless of whether the declarant is available as a witness.  Rule 803(6) provides that records of a regularly conducted activity "are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." Fed. R. Evid. 803.  The Rule provides that such records are excluded if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

Here, the government seeks a preliminary determination that certain records are authentic through certification obtained from the custodian of record.  Federal Rule of Evidence 902 lists "items of evidence [that] are self-authenticating" meaning that "they require no extrinsic evidence of

5

authenticity to be admitted." Among the items of evidence listed are certified domestic records of a regularly conducted activity, Fed. R. Evid. 902(11), certified records generated by an electronic process or system, Fed. R. Evid. 902(13), and certified data copied from an electronic device, storage medium, or file, Fed. R. Evid. 902(14). All three record types require a "certification of the custodian or another qualified person" and the record must meet the requirements of Rule 803(A)-(C). Fed. R. Evid. 902(11), (13)-(14).

The government seeks an order that the following records are authentic and meet the requirements of Federal Rules of Evidence 803(6), 902(11), 902(13), and 902(14): records of accounts associated with defendant from American Express, Bank of America, Capital One, and US Bank; record of an iCloud account from Apple; records associated with Michael Schofield, an alleged co-conspirator, from Check City; records submitted by defendant from Clark County; a shipment record from FedEx; records of an account associated with Magnolia Mansion LLC from First Bank and Trust; subscriber information, location history records, billing information, Google photos records and the associated Metadata, and Gmail records of specific Google accounts, and specific emails, all from Google; records received from defendant from the International Association of Chiefs

of Police; records of accounts, applications, and loans associated with defendant from Rocket Mortgage, LLC; and records associated with specific telephone numbers from Sprint, T-Mobile, and Verizon.[6]  The government has provided certificates from custodians at American Express/Datamark, Apple, Bank of America, Capital One, N.A. ("Capital One"), Check City, Clark County, FedEx, First Bank & Trust Company, Google, the International Association of Chiefs of Police, Rocket Central, Sprint, T-Mobile, US Bank, NA ("US Bank"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), and Verizon.[7]

Defendant argues that the Google location history records should not be admissible through a certificate.  Defendant contends that such records do not document business transactions.  Defendant attempts to distinguish these records from cell phone toll data, a distinction which the government argues is inapt.  Like cell phone tower location data, Google location history data is used and stored by Google for "commercial purposes." *United States v. Smith*, 110 F.4th 817, 824 (5th Cir. 2024) (citing *Wells v. State*, 675 S.W.3d 814, 830 (Tex. App.—Dallas 2023), *aff'd*, 714 S.W.3d 614 (Tex. Crim. App. 2025)); *cf. United States v. Johnson*, 2022 WL 17728927 (N.D. Ohio Dec. 16,

---

[6]   R. Docs. 31-2, 51-2.
[7]   R. Docs. 31-3, 51-3.

2022) (Polster, J.) (granting motion *in limine* to authenticate Google geographical coordinates under Rules 803(6) and 902(11) and holding that using certificates for such records does not violate the Confrontation Clause). The Court finds there to be no relevant distinction between the two types of data. Accordingly, the Court finds that Google location history records may be authenticated through a certificate of authenticity.

The Court finds that the proffered records and certifications meet the requirements of Rules 803(6), 902(11), 902(13), and/or 902(14). This ruling does not preclude defendant from making objections to admissibility on other (i.e., non-authenticity) grounds.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motions *in limine*.

New Orleans, Louisiana, this ___8th___ day of January, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE