**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-155** |
| **CHRISTIAN CONRAD CLAUS** | **SECTION: D (2)** |

**ORDER AND REASONS**

Before the Court is the Government's Third Motion *in Limine* for a Determination that Records Meet the Requirements of Federal Rules of Evidence.[1] Defendant opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[3]

The Government filed the present Motion *in Limine* for a pretrial determination that certain NOPD records, FedEx records, and cell phone extraction records that the Government seeks to admit at trial comport with Federal Rules of Evidence 803(6), 902(11), 902(13), and 902(14).[4] In its Motion, the Government advises that it previously filed two motions in limine requesting determinations that similar records meet the requirements of those particular federal rules of evidence, which motions were granted by the court.[5] The Government relies on its reasons as set forth in the previous motions in limine.[6] Specifically, the Government contends

---

[1] R. Doc. 123.
[2] R. Doc. 133.
[3] The Factual and Procedural Background of the case has been set out in a previous Order and Reasons from this Court and is adopted here. *See* R. Doc. 149.
[4] R. Docs. 123-1 and 123-2.
[5] Referencing R. Doc. 31 and R. Doc. 51. *See also* Court Order at R. Doc. 71.
[6] *See* R. Doc. 31-1.

that Federal Rule of Evidence 104 allows for a preliminary determination regarding the application of the rules of evidence when the prerequisites for admissibility are established by a preponderance of the evidence.[7]

Defendant opposes the motion, adopting many of the same reasons as set forth in his previous opposition to the Government's previous motions in limine.[8] He asserts that

> [The] introduction of this evidence through certificates—rather than sworn testimony of custodians—(1) violates the Confrontation Clause; (2) the Confrontation Clause bars the testimonial statements of an absent witness, as is here; and, (3) the Supreme Court has never held that an affidavit or writing as those sought to be introduced here fall under any exception to the right to confrontation.[9]

Further, Defendant states that "[t]o allow in certificates would be as improper and unjust as allowing an adverse witness to testify by affidavit, simply affixing their signature, then presenting it to the jury without cross examination of the witness at all."[10] Defendant emphasizes that "Mr. Claus, like all defendants, possesses the constitutionally foundational, bedrock right to confront the witnesses against him."

## II.    LEGAL STANDARD

### A. Confrontation Clause

"The Confrontation Clause of the Sixth Amendment 'prohibits admitting out-of-court statements as evidence against defendants in a criminal case unless they can cross-examine the declarant. But that prohibition applies only if the statements are

---

[7] *Id.*
[8] R. Doc. 133. *Also see* R. Doc. 52.
[9] *Id.* at p. 2.
[10] *Id.*

testimonial.'"[11] Furthermore, "there is a distinction between a document 'created for the sole purpose of providing evidence against a defendant and a document created to '*authenticate* or provide a copy of an otherwise admissible record[.]'"[12] Although the latter is admissible, the former is not.[13]

### B. Authenticity via Certifications

The Court "must decide any preliminary question about whether. . .evidence is admissible."[14] Rule 803 of the Federal Rules of Evidence outlines various exceptions to the rule against hearsay which apply "regardless of whether the declarant is available as a witness." Under Rule 803(6), a "record of an act, event, condition, opinion, or diagnosis" is not excluded if

> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Rule 902 enumerates items of evidence that are "self-authenticating" and thus "require no extrinsic evidence of authenticity in order to be admitted." Such items

---

[11] *United States v. Age*, 136 F.4th 193, 226 (5th Cir.), *cert. denied sub nom. Age v. United States.*, 146 S. Ct. 614, 223 L. Ed. 2d 230 (2025), and *cert. denied sub nom. Guillory v. United States*, 146 S. Ct. 615, 223 L. Ed. 2d 230 (2025), and *cert. denied*, 146 S. Ct. 615, 223 L. Ed. 2d 230 (2025) (quoting *United States v. Ayelotan*, 917 F.3d 394, 403 (5th Cir. 2019), *as revised* (Mar. 4, 2019)).
[12] *Id*. at 227 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)).
[13] *Id*.
[14] Fed. R. Evid. 104.

include the certified domestic records of a regularly conducted activity,[15] certified records generated by an electronic process or system,[16] and certified data copied from an electronic device, storage medium, or file.[17] The introduction of these types of records require a "certification of the custodian or another qualified person," and "the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."[18] The records must also meet the requirements of Rule 803(6)(A)-(C).

## III.   ANALYSIS

In the present motion, the Government seeks a pretrial determination that the following records are authentic: records from the NOPD, including operations and policy manuals, police reports, body worn camera audits and footage, vehicle camera footage, radio recordings, 911 recordings, and CASTNet searches; records from FedEx; a transcript of testimony; and data and metadata from a cell phone extraction.[19] A separate certificate of authenticity is attached for each of the records.[20]

As to Defendant's confrontation clause challenge, the Court's determination of these records' authenticity does not implicate the confrontation clause because the records here "were created in the ordinary course of business, not for the purpose of

---

[15] Fed. R. Evid. 902(11).
[16] Fed. R. Evid. 902(13).
[17] Fed. R. Evid. 902(14).
[18] Fed. R. Evid. 902(11), (13), (14).
[19] R. Doc. 123-2.
[20] R. Doc. 123-3.

establishing or proving some fact at trial" and thus are not testimonial.[21] The Fifth Circuit has noted that there is a distinction between a document "created for the sole purpose of providing evidence against a defendant and a document created to *authenticate* or provide a copy of an otherwise admissible record."[22] The authentication of the records at issue by use of a certificate of authenticity under Fed. R. Evid. 902 does not run afoul of the confrontation clause as there is no evidence that any of the records were created for the sole purpose of providing evidence against this defendant.[23]

Defendant argues that "the Government's motion improperly seeks a sweeping pretrial determination that broad categories of evidence are categorically admissible through a single omnibus ruling."[24] While not entirely clear, Defendant seemingly contends that the "proposed 'incident details reports,' 'daily activity reports,' 'police reports,' and extraction summaries constitute classic hearsay within hearsay documents."[25] While the Defendant argues that the Government is seeking an impermissibly overbroad blanket ruling, the Court issues a relatively narrow ruling. The Federal Rules of Evidence and binding precedent not only permit the Court to make a pretrial ruling as to the authenticity of the records, but the plain rading of Rule 104 obliges the Court to do so. The Court finds that the proffered records and

---

[21] *Age*, 136 F.4th at 226 (citation modified).

[22] *Id*. at 227 (citation modified) (internal quotations omitted) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)) (emphasis in original).

[23] *See* R. Doc. 71 at p. 4 ("Accordingly, in line with Fifth Circuit precedent, this Court holds that the Rule 902 certificates in this case do not violate the Confrontation Clause.") and at n. 7 (collecting cases).

[24] R. Doc. 133 at p. 6.

[25] *Id*. at p. 5.

certifications of authenticity meet the requirements of Rules 803(6), 902(11), 902(13), and/or 902(14). As to the records which Defendant seemingly contends include "hearsay within hearsay," namely, the incident details reports, daily activity reports and police reports, the Court is convinced that the Government has met its burden by providing the appropriate Certificates of Authenticity for each of those categories of documents which satisfy the Federal Rules of Evidence.[26] The Court finds similarly for the remaining documents which the Government seeks to authenticate.[27] Thus, the Court finds that the evidence is authentic. Determinations regarding the admissibility of the records, except as to the records' authenticity, is deferred until trial.[28]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion is **GRANTED** as to the authenticity of the records. Any other determination of the records' admissibility is deferred until trial.

New Orleans, Louisiana, May 26, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[26] *See* R. Doc. 123-3 at pp. 5-6, 7-8, and 9-10.
[27] *See* R. Doc. 123-3.
[28] *See also id.* ("This ruling does not preclude defendant from making objections to admissibility on other (i.e., non-authenticity) grounds.").