**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                  **NO. 24-155**

**CHRISTIAN CONRAD CLAUS**                    **SECTION: D (2)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion for Attorney-Conducted Voir Dire and/or in the Alternative, Motion to Include Juror Questionnaire with Jury Summons, filed by Defendant Christian Conrad Claus.[1] The Government has filed a response.[2] After a careful review of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

Defendant filed the present Motion on May 11, 2026, seeking permission for counsel for each party to conduct thirty minutes of voir dire of the jury venire and also, or in the alternative, to permit the parties to question potential jurors before trial in the form of a questionnaire.[4] Defendant argues that the Federal Rules permit attorney-conducted voir dire and that Fifth Circuit precedent encourages it.[5] Furthermore, Defendant contends that the presence of pretrial publicity in the present case "militates in favor of attorney[-]conducted voir dire."[6] Defendant then notes that empirical data from various studies support attorney-led voir dire, arguing

---

[1] R. Doc. 125.
[2] R. Doc. 129.
[3] The Factual and Procedural Background has been set forth in a previous Order and Reasons and is incorporated here. *See* R. Doc. 149.
[4] R. Doc. 125.
[5] R. Doc. 125-1 at p. 2.
[6] *Id*. at p. 4.

that it reduces the potential for juror bias.[7] Defendant then re-urges his motion for a case-specific juror questionnaire to be included with the jury summons; such motion which had previously been ruled upon by Judge Vance when she presided over this case.[8] Defendant argues that a questionnaire will save the Court time, allow for open-ended questions without the time constraints of an in-court proceeding, and ameliorate the issues with pre-trial publicity.[9]

The Government responds that it "takes no position as to the defendant's request" for attorney-conducted voir dire [10] and that it opposes a pre-trial questionnaire for the reasons stated in its response to Defendant's initial motion for a pre-trial juror questionnaire.[11]

In September 2025, Judge Vance, who previously presided over this matter, denied Defendant's initial motion to issue a juror questionnaire, finding that Defendant had not justified the time, burden, and expense of administering such a questionnaire.[12]

## II.    LEGAL STANDARD

The Federal Rules of Criminal Procedure set forth a process for examining prospective jurors. Under Rule 24, the Court may allow counsel to examine prospective jurors, or it may do so itself.[13] Rule 24(a)(2) specifies that, if the Court examines the jurors, it must permit counsel to ask any additional questions that the

---

[7] *Id.* at pp. 7-8.
[8] R. Docs. 22, 49.
[9] R. Doc. 125-1 at pp. 8-10.
[10] R. Doc. 129.
[11] R. Doc. 23.
[12] R. Doc. 49.
[13] Fed. R. Crim. P. 24(a)(1).

2

Court considers proper or submit further questions that the Court may ask if it considers them proper.[14] The Court has broad discretion in determining how best to conduct voir dire.[15] "A district court's failure to ask a proposed question does not constitute an abuse of discretion if the overall voir dire examination and the instructions given at trial adequately protect a party's interests."[16]

### III.    ANALYSIS

### A. The Court exercises its discretion to conduct voir dire itself.

Rule 24 of the Federal Rules of Criminal Procedure grants the Court the option to examine prospective jurors itself or to permit the attorneys for the parties to do so. The Fifth Circuit has recognized that "[t]he district court has great latitude to conduct voir dire, including the form and scope of questioning."[17] While Defendant cites Fifth Circuit precedent that encourages attorney conducted voir dire,[18] those cases are inapposite. In *United States v. Ible*, the Court held that "the denial of [Defendant's] proposed voir dire question concerning the jurors' moral or religious beliefs about alcohol" deprived Defendant "of the effective exercise of his peremptory challenges."[19]

---

[14] Fed. R. Crim. P. 24(a)(2).

[15] *United States v. Garcia-Flores*, 246 F.3d 451, 458 (5th Cir. 2001) (citing *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998)); *see also Darden v. Snow*, 849 F. App'x 100, 101 (5th Cir. 2021) (citing *United States v. Landrón-Class*, 696 F.3d 62, 68 (5th Cir. 2012)).

[16] *United States v. Harper*, 369 Fed.Appx. 556, 565 (5th Cir. 2010) (citations omitted) (district court did not abuse its discretion by denying defendant the opportunity to submit to jurors his proposed questionnaire); *See United States v. Flores*, 63 F.3d 1342, 1353 (5th Cir. 1995) ("[O]ur role is not to decide what voir dire procedure is best, but to determine whether the procedure chosen by the district court is sufficient.  To do this, we ask 'whether the procedure used . . . created a reasonable assurance that prejudice would be discovered if present.'") (quotation omitted) (concluding that district court did not abuse its discretion in limiting voir dire by refusing to permit a long questionnaire to be sent to potential jurors).

[17] *United States v. Pratt*, 728 F.3d 463, 470 (5th Cir. 2013), *abrogated on other grounds by Molina-Martinez v. United States*, 578 U.S. 189 (2016).

[18] *See United States v. Ible*, 630 F.2d 389 (5th Cir. 1980); *United States v. Davis*, 583 F.2d 190 (5th Cir. 1978).

[19] *Ible*, 630 F.2d at 394.

In *Davis*, the Court held that the district court "erred in not undertaking a more thorough examination of those panel members exposed to publicity" and that "the cursory questioning by the court was not enough" under the circumstances of that case.[20]

In this case, the Court has already solicited questions from each party to pose to the venire.[21] As is the customary practice of this Court, the Court provides its "standard" questions that it asks in either a criminal or civil matter to the parties at least two weeks before the parties' proposed questions are due.[22] The Court provided its standard questions to the parties in this matter on May 12, 2026. The Court then solicits proposed voir dire questions from the parties. Once the parties file their proposed voir dire questions, the Court reviews same, makes determinations as to each question, incorporates appropriate proposed questions, and then provides the parties with the final voir dire prior to trial. Further, after the initial voir dire has concluded, the Court permits counsel to propose additional questions as follow-up to be asked to the entire venire or to individual potential jurors. The Court will follow that same process in this case, allowing the parties at least two opportunities to propose questions to be asked during the voir dire. The Court finds that these measures remedy any issues identified by the Fifth Circuit in its jurisprudence regarding Court-conducted voir dire, and, for that reason, the Court denies the motion as it relates to attorney-conducted voir dire.

---

[20] *Davis.* 583 F.2d at 196.
[21] *See* R. Doc. 82 giving the parties until May 26, 2026, to propose questions for Voir Dire.
[22] *Id.*

**B. Defendant has not justified the time, burden, and expense of administering a juror questionnaire.**

The Court handles voir dire surrounding media coverage in the same manner as Judge Vance described in her prior Order and Reasons.[23] "During voir dire, prospective jurors exposed to media coverage will be questioned individually outside the hearing of other prospective jurors about the nature and effect of the exposure."[24] The Court will do so in this matter. Likewise, this Court finds that its standard voir dire practice adequately addresses any preexisting knowledge or biases that members of the venire may have.[25] The Court finds no reason to disturb the thorough prior ruling regarding this issue. Further, and importantly, trial is scheduled for June 15, less than one month away. Even if the Court were inclined to revisit and disagree with the previous ruling on this matter—which it is not—time constraints alone preclude the issuance of jury questionnaire.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion[26] is **DENIED.**

New Orleans, Louisiana, May 26, 2026.

**WENDY B. VITTER**
**United States District Judge**

---

[23] R. Doc. 49.
[24] *Id.* at p. 2.
[25] *See e.g., United States v. Hamdan,* No. CR 19-60-WBV-KWR, 2020 WL 4544729, at *3–4 (E.D. La. Aug. 6, 2020) (citing *United States v. Claville*, Crim. A. No. 07-50097-02, 2008 WL 782809, at *1 (W.D. La. Mar. 20, 2008) (denying defendant's motion for pretrial juror questionnaire).
[26] R. Doc. 125.