**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**              **CRIMINAL ACTION**

**VERSUS**                                **NO. 24-155**

**CHRISTIAN CONRAD CLAUS**                **SECTION: D (2)**

<u>**ORDER AND REASONS**</u>

Before the Court is the Government's Fourth Motion *in Limine* for a Determination that Records Meet the Requirements of Federal Rules of Evidence.[1] Defendant has not filed an opposition to the motion; however, the Court considers its legal arguments in its opposition to the Government's prior Motions.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND[3]**

The Government filed the present Motion *in Limine* for a pretrial determination that one page of Defendant's New Orleans Police Department ("NOPD") personnel file, one page of Defendant's Capital One account records, ten pages of records from Clark County, and one page of Google billing information that the Government seeks to admit at trial comport with Federal Rules of Evidence 803(6), 902(11), 902(13), and 902(14).[4] In its Motion, the Government advises that it previously filed three motions *in limine* requesting determinations that similar

---

[1] R. Doc. 148.
[2] R. Docs. 52 and 133.
[3] The Factual and Procedural Background of the case has been set out in a previous Order and Reasons from this Court and is adopted here. *See* R. Doc. 149.
[4] R. Docs. 148-1 and 148-2.

records meet the requirements of those particular federal rules of evidence, which motions were granted by the court.[5] The Government relies on its arguments as set forth in the previous motions *in limine*.[6] The Government contends that this motion seeks "to authenticate several records, which complete portions of records described in similar prior motions."[7]

The motion was originally set for submission on June 9, 2026; however, the Government moved to expedite hearing on the motion,[8] which the Court granted and ordered that any opposition to the motion be filed by May 29, 2026.[9] No opposition has been filed as of the date of this Order and Reasons. In its Motion for Expedited Hearing, the Government states that it "has no objection to the Court considering the arguments contained in the defendant's prior oppositions." [10] The Court thus considers Defendant's prior oppositions in response to the present motion.[11]

## II.   LEGAL STANDARD

### A. Confrontation Clause

"The Confrontation Clause of the Sixth Amendment 'prohibits admitting out-of-court statements as evidence against defendants in a criminal case unless they can cross-examine the declarant. But that prohibition applies only if the statements are testimonial.'"[12] Furthermore, "there is a distinction between a document 'created for

---

[5] Referencing R. Doc. 31, R. Doc. 51, and R. Doc. 123. *See also* Court Orders at R. Doc. 71.
[6] *See* R. Doc. 31-1.
[7] R. Doc. 148-1 at p. 1.
[8] R. Doc. 150.
[9] R. Doc. 157.
[10] R. Doc. 150 at p. 1 (citing R. Docs. 52 and 133).
[11] R. Doc. 133. *Also see* R. Doc. 52.
[12] *United States v. Age*, 136 F.4th 193, 226 (5th Cir.), *cert. denied sub nom. Age v. United States.*, 146 S. Ct. 614, 223 L. Ed. 2d 230 (2025), and *cert. denied sub nom. Guillory v. United States*, 146 S. Ct.

the sole purpose of providing evidence against a defendant and a document created

to '*authenticate* or provide a copy of an otherwise admissible record[.]'"[13] Although the

latter is admissible, the former is not.[14]

## B. Authenticity via Certifications

The Court "must decide any preliminary question about whether. . .evidence

is admissible."[15] Rule 803 of the Federal Rules of Evidence outlines various

exceptions to the rule against hearsay which apply "regardless of whether the

declarant is available as a witness." Under Rule 803(6), a "record of an act, event,

condition, opinion, or diagnosis" is not excluded if

> (A) the record was made at or near the time by — or from information
> transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of
> a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or
> another qualified witness, or by a certification that complies with Rule
> 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the
> method or circumstances of preparation indicate a lack of
> trustworthiness.

Rule 902 enumerates items of evidence that are "self-authenticating" and thus

"require no extrinsic evidence of authenticity in order to be admitted." Such items

include the certified domestic records of a regularly conducted activity,[16] certified

---

615, 223 L. Ed. 2d 230 (2025), and *cert. denied*, 146 S. Ct. 615, 223 L. Ed. 2d 230 (2025) (quoting *United States v. Ayelotan*, 917 F.3d 394, 403 (5th Cir. 2019), *as revised* (Mar. 4, 2019)).

[13] *Id*. at 227 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 322-23, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)).

[14] *Id*.

[15] Fed. R. Evid. 104.

[16] Fed. R. Evid. 902(11).

records generated by an electronic process or system,[17] and certified data copied from an electronic device, storage medium, or file.[18] The introduction of these types of records require a "certification of the custodian or another qualified person," and "the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."[19] The records must also meet the requirements of Rule 803(6)(A)-(C).

### III.   ANALYSIS[20]

In the present motion, the Government seeks a pretrial determination that the following records are authentic: one page of Defendant's NOPD personnel file, one page of the Defendant's Capital One account records, ten pages of records from Clark County, and one page of Google billing information.[21] A separate certificate of authenticity is attached for each of the records.[22] The Government represents that these records are remaining pages of records that have previously been authenticated by the Court and that these records "complete portions of records described in similar prior motions."[23]

---

[17] Fed. R. Evid. 902(13).
[18] Fed. R. Evid. 902(14).
[19] Fed. R. Evid. 902(11), (13), (14).
[20] The Court incorporates by reference its prior analysis in its prior Order and Reasons. *See* R. Doc. 151. To the extent that the Court has adopted the language in its previous Order and Reasons, it makes clear that it conducted a separate analysis on each piece of evidence the Government now seeks to authenticate.
[21] R. Doc. 148-2.
[22] R. Doc. 148-3.
[23] R. Doc. 148-1 at p. 1.

As to Defendant's confrontation clause argument, the Court emphasizes its prior holding that its determination of these records' authenticity does not implicate the confrontation clause because the records here "were created in the ordinary course of business, not for the purpose of establishing or proving some fact at trial" and thus are not testimonial.[24] The authentication of the records at issue by use of a certificate of authenticity under Fed. R. Evid. 902 does not run afoul of the confrontation clause as there is no evidence that any of the records were created for the sole purpose of providing evidence against this defendant.[25]

In this Order, the Court issues a relatively narrow ruling. The Federal Rules of Evidence and binding precedent not only permit the Court to make a pretrial ruling as to the authenticity of the records, but the plain reading of Rule 104 obliges the Court to do so.[26] The Court finds that the proffered records and certifications of authenticity meet the requirements of Rules 803(6), 902(11), 902(13), and/or 902(14). The Court is convinced that the Government has met its burden by providing the appropriate Certificates of Authenticity for each of those categories of documents which satisfy the Federal Rules of Evidence.[27] Thus, the Court finds that the evidence is authentic. Determinations regarding the admissibility of the records, except as to the records' authenticity, is deferred until trial.[28]

---

[24] *Age*, 136 F.4th at 226 (citation modified).

[25] *See* Court Order at R. Doc. 71 at p. 4 ("Accordingly, in line with Fifth Circuit precedent, this Court holds that the Rule 902 certificates in this case do not violate the Confrontation Clause.") and at n. 5 (collecting cases).

[26] "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible …"

[27] *See* R. Doc. 148-3.

[28] *See also* R. Doc. 123-3. ("This ruling does not preclude defendant from making objections to admissibility on other (i.e., non-authenticity) grounds.").

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion [29] is **GRANTED** as to the authenticity of the records. Any other determination of the records' admissibility is deferred until trial.

New Orleans, Louisiana, June 5, 2026

_____
**WENDY B. VITTER**
**United States District Judge**

---

[29] R. Doc. 148.