UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 24-155

CHRISTIAN CONRAD CLAUS                  SECTION: D (2)

## <u>ORDER AND REASONS</u>

Before the Court is the Government's Motion *in Limine* to Preclude Claim of Right Defense.[1] Defendant Christian Conrad Claus has filed a response in opposition and the Defendant has filed a Reply.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DEFERS** ruling on the Motion until trial.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

The Government filed a Motion in Limine to Preclude Claim of Right Defense.[4] The Government states that it is "concerned that the defendant will seek to advance a claim of right defense to the fraud counts (Counts 1, 2, and 3)" of the Indictment, which the Government urges "would constitute an appeal for jury nullification because the claim of right defense is legally impermissible and conflicts with the elements of mail and wire fraud."[5] The Government contends that "the defendant may intend to argue that if he honestly believed the paintings were stolen and were

---

[1] R. Doc. 122.
[2] R. Doc. 132 and R. Doc. 143, respectively.
[3] The Factual and Procedural Background of the case has been set out in a previous Order and Reasons from this Court and is adopted here. *See* R. Doc. 149.
[4] R. Doc. 122.
[5] R. Doc. 122-1 at p. 1.

worth the claimed amount, then he cannot be guilty of fraud even if he intended to deceive the insurer," which, it argues, constitutes a legally impermissible defense and would result in juror confusion and unfair prejudice that sustained objections cannot cure.[6] The Government advises that it plans to put on evidence regarding "a variety of misrepresentations concerning Zeton's insurance claim of reportedly stolen valuable paintings."[7] It states that it intends to argue that the police report prepared by Defendant is a material misrepresentation because "it omitted facts such as the defendant's true interactions, relationships, and communications with Zeton"[8] and that such misrepresentation is material because Zeton's insurer "would likely deem it important" and, further, a "reasonable person would attach importance to it in deciding how to proceed, or if the defendant knew (or should have known) that the recipient would likely deem it important."[9]

The Government asserts that it "is well-established that claim of right is no defense to mail or wire fraud" because "[s]uch a defense offends the principle that a victim is defrauded when 'he has lost .. his chance to bargain with the facts before him.'"[10] The Government emphasizes that the Fifth Circuit rejected such a defense in it's decision in *United States v. Dotson*,[11] in which it held that "it would be no defense to argue that [a defendant], at worst, was merely trying to accelerate what he believed was a legally meritorious" claim.[12] The Government further relies on

---

[6] *Id.* at p. 1.
[7] *Id.* at p. 2.
[8] *Id.* at pp. 2-3.
[9] *Id.* at p. 3 (quoting *Kousisis v. United States*, 605 U.S. 114, 131 (2025)).
[10] *Id.* at p. 4.
[11] 407 F.3d 387, 393 (5th Cir. 2005).
[12] R. Doc. 122-1 at p. 6.

numerous out-of-circuit cases that a claim of right defense is improper in an insurance fraud prosecution.[13] As a result, the Government requests

> [T]hat this Court issue an order precluding the defendant from employing a claim of right defense, including the preclusion of argument, references, or inferences to the effect that a person's belief that he or another person is entitled to, or has a valid claim to, money means that the person cannot have intended a scheme to defraud.[14]

The Defendant opposes the Motion.[15] The Defendant argues first that he has a constitutional right "to present a complete defense."[16] The Defendant states that he is also under no obligation to disclose his defense strategy to the Government prior to trial and that the Government, in its Motion, "mistakenly claims that for Mr. Claus to present his own knowledge and state of mind at the time of the offense would be jury nullification."[17] The Defendant then asserts that the "Supreme Court has made clear that a criminal defendant alone ultimately controls the defense that is presented through his testimony, as well as the goals of his representation."[18] The Defendant argues that he "must be able to defend his position that he did not have the requisite specific intent" because "he believed the insurance claim itself was legitimate, the paintings were stolen, and the valuations were accurate."[19] The Defendant maintains that such a defense "is not an impermissible 'claim of right' defense; it is a direct challenge to the Government's proof of intent."[20] The Defendant

---

[13] *Id*. at pp. 6-8.
[14] *Id*. at p. 9.
[15] R. Doc. 132.
[16] *Id* at p. 2 (citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).
[17] *Id*. at pp. 2-3.
[18] *Id*. at p. 3 (citing *McCoy v. Louisiana*, 584 U.S. 414, 421-24 (2018).
[19] *Id*. at p. 4.
[20] *Id*.

contends that the authorities cited by the Government in its Memorandum "are both completely distinguishable and dispositive of its argument — in favor of Mr. Claus" because they relate to factual scenarios where the defendant might be claiming that he himself is entitled to the funds that are the subject of the fraud prosecution.[21] The Defendant emphasizes that any defense that "he lacked the necessary fraudulent intent because he believed the claim itself was genuine and the representations were truthful or immaterial" and that such argument is relevant to a claim of good faith, which is a complete defense to mail fraud.[22] Lastly, the Defendant asserts that the Government's Motion "invades the province of the jury on intent and materiality" because "intent, knowledge, and materiality are quintessential jury questions in fraud cases."[23] The Defendant emphasizes that he must be able to argue "that the alleged omissions were not materially deceptive, and that the insurer's decision-making rested upon independent evidence."[24] In Reply, the Government straightforwardly clarifies that

> the government's motion does not seek to prevent the defendant from contending he believed the paintings were valuable and stolen. Indeed, the motion does not seek to preclude the defendant from taking any position on a factual issue. . . Instead, the government seeks to prevent the defense from misleading the jury *on the law* by suggesting that the charged fraud offenses *legally require* disproving that the defendant believed the paints were valuable and stolen.  Put another way, the defense should not suggest that, under the law, 'a person's belief that he or another person is entitled to, or has a valid claim to, money means that the person cannot have intended a scheme to defraud.'[25]

---

[21] *Id.* at p. 6.
[22] *Id.* at pp. 6-8 (citing, *inter alia*, *United States v. Diamond*, 430 F.2d 688 (5th Cir. 1970)).
[23] *Id.* at p. 9.
[24] *Id.* at pp. 10-11.
[25] R. Doc. 143 (emphasis in original).

4

## II.    LAW AND ANALYSIS

The Government seeks to prevent the Defendant from making any argument or presenting any evidence related to a defense of claim of right.[26] The Defendant, while seemingly recognizing that a claim of right defense is impermissible,[27] argues that such a wholesale preclusion would infringe upon his constitutional right "to present a complete defense."[28]

During a status conference in this matter,[29] the Court reviewed the parties' respective positions on this issue. Specifically, the Court read the Government's reply brief as quoted above.[30] The Court further advised that it intended to issue an Order advising that, to the extent the Government's motion seeks to prohibit the defendant from "misleading the jury on the law by suggesting that the charged fraud offenses legally require disproving that the defendant believed the paintings were valuable and stolen,"[31] the motion is granted. Further, the Court advised that it intended to include in the order to the extent the Governments motion seeks to "bar a defense fully, including through asserting [the defendant's] own personal knowledge at the time of the offense that speaks to specific intent,"[32] the Court denies the motion. Finally, the Court advised that it will instruct the jury on the law and as appropriate, will instruct the jury during the trial that it is only to follow the law that is given to

---

[26] R. Doc. 122.

[27] *See* R. Doc. 132 at p. 4. ("That is not an impermissible 'claim of right' defense; it is a direct challenge to the Government's proof of intent.")

[28] R. Doc. 132 at p. 2 (citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

[29] *See* R. Doc. 179.

[30] *See supra*, n. 25.

[31] R. Doc. 143.

[32] R. Doc. 132 at p. 3.

5

it by the Court, and not any law argued by a party. After the discussion as set forth above, the Government advised that such an order fully addressed the issue it raised in its motion. The Defendant further advised that such an Order fully addressed its concerns raised in its opposition.

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion[33] is **GRANTED in part** and **DENIED** in part as set forth herein.

New Orleans, Louisiana, June 12, 2026.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[33] R. Doc. 122.